# Exhibit A

# NATIONAL REGISTERED AGENTS, INC.
## SERVICE OF PROCESS SUMMARY TRANSMITTAL FORM

To:   JACKIE WILSON
      AMERIFLEET TRANSPORTATION, INC
      1111 Alderman Dr Ste 350
      Alpharetta, GA 30005-4143

SOP Transmittal #   **534528607**

800-592-9023 - Telephone

Entity Served:   AMERIFLEET TRANSPORTATION, INC  (Domestic State: NEVADA) (Served as Amerifleet Transportation Inc. and Metrogistics LLC, Dfts. Name discrepancy noted.)

Enclosed herewith are legal documents received on behalf of the above captioned entity by National Registered Agents, Inc. or its Affiliate in the State of GEORGIA on this 06 day of December, 2018. The following is a summary of the document(s) received:

1. **Title of Action:**  Belinda Kohles, Pltf. vs. Amerifleet Transportation Inc. and Metrogistics LLC, Dfts.

2. **Document(s) Served:**   Other: Summons, Complaint, First Interrogatories, First Request(s)

3. **Court of Jurisdiction/Case Number:** Fulton County State Court, Fulton, GA
      Case # 18EV005758

4. **Amount Claimed, if any:**  N/A

5. **Method of Service:**

   _X_ Personally served by:      _X_ Process Server      ___ Law Enforcement      ___ Deputy Sheriff      ___ U. S Marshall

   ___ Delivered Via:            ___ Certified Mail       ___ Regular Mail          ___ Facsimile

   ___ Other (Explain):

6. **Date and Time of Receipt:**   12/06/2018 03:03:00 PM CST

7. **Appearance/Answer Date:**  None Specified

8. **Received From:**      Jordan Johnson              9. **Carrier Airbill #** 1ZY041160195605138
                           2 Ravinia Drive
                           Suite 120
                           Atlanta, GA 30346            10. **Call Made to:** Not required
                           770-670-6206

11. **Special Comments:**
SOP Papers with Transmittal, via  UPS Next Day Air

Image SOP

Email Notification,  JACKIE WILSON  JACKIE.WILSON@AMERIFLEET.COM

**NATIONAL REGISTERED AGENTS, INC.**                    **CopiesTo:**

Transmitted by  Amy McLaren

The information contained in this Summary Transmittal Form is provided by National Registered Agents, Inc. for informational purposes only and should not be considered a legal opinion. It is the responsibility of the parties receiving this form to review the legal documents forwarded and to take appropriate action.

ORIGINAL

**E-FILED**
18EV005758
11/29/2018 5:35 PM
LeNora Ponzo, Clerk
Civil Division

GEORGIA, FULTON COUNTY

DO NOT WRITE IN THIS SPACE

**STATE COURT OF FULTON COUNTY**
Civil Division

**CIVIL ACTION FILE #:** 18EV005758

Belinda Kohles

2 Ravinia Dr ,Ste 120

Atlanta GA 30346

Plaintiff's Name, Address, City, State, Zip Code

vs.

Amerifleet Transportation, Inc.

1111 Alderman Drive, Suite 350

Alpharetta, GA 30005

Defendant's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $_____ |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $_____ |
| [ ] TORT | |
| [ ] PERSONAL INJURY | ATTY. FEES $_____ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $_____ |
| [ ] SPECIAL LIEN | |
| ************ | |
| [ ] NEW FILING | |
| [ ] RE-FILING: PREVIOUS CASE NO. _____ | |

### SUMMONS

TO THE ABOVE NAMED-DEFENDANT:

You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:
Name: Jordan Johnson
Address: 2 Ravinia Dr, Ste 120
City, State, Zip Code: Atlanta, GA 30346        Phone No.: 7706706206

An answer to this complaint, which is herewith served on you, should be filed within thirty (30) days after service, not counting the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSE MAY BE MADE & JURY TRIAL DEMANDED,** via electronic filing through E-file GA or, if desired, at the e-filing public access terminal in the Self-Help Center at 185 Central Ave., S.W., Ground Floor, Room TG300, Atlanta, GA 30303.

LeNora Ponzo, Chief Clerk (electronic signature)

If the sum claimed in the suit, or value of the property sued for, is $300.00 or more Principal, the defendant must admit or deny the paragraphs of plaintiff's petition by making written Answer. Such paragraphs undenied will be taken as true. If the plaintiff's petition is sworn to, or if suit is based on an unconditional contract in writing, then the defendant's answer must be sworn to.

If the principal sum claimed in the suit, or value of the property sued for, is less than $300.00, and is on a note, unconditional contract, account sworn to, or the petition sworn to, defense must be made by filing a sworn answer setting up the facts relied on as a defense.

### SERVICE INFORMATION:
Served, this _____ day of _____, 20_____.
_____
DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:
We, the jury, find for _____

This _____ day of _____, 20_____. _____ Foreperson

**(STAPLE TO FRONT OF COMPLAINT)**

**E-FILED**
18EV005758
11/29/2018 3:26 PM
LeNora Ponzo, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

**BELINDA KOHLES**                        )
                                          )
      **Plaintiff**                    )
                                          )
**vs.**                                   )   **CIVIL ACTION NO. _____**
                                          )
**AMERIFLEET TRANSPORTATION** )
**INC. and METROGISTICS LLC**       )
                                          )
      **Defendants**                   )

## COMPLAINT

NOW COMES Plaintiff and files her Complaint against Defendants and, in

support thereof, shows:

1.

Defendant **AMERIFLEET TRANSPORTATION, INC** ("Defendant

AMERIFLEET") is a corporation whose principal place of business is at 1111

Alderman Drive, Suite 350, Alpharetta GA 30005 in Fulton County, Georgia and is

subject to the jurisdiction of this Court. It may be served through its Registered

Agent, National Registered Agents, Inc. located at 289 S Culver St, Lawrenceville

GA, 30046.

2.

Defendant **METROGISTICS, LLC** (Defendant "Metrogistics") is a foreign

limited liability company subject to the jurisdiction of this Court. It has had

substantial contacts with the state, and operates business here. It may be served

through its registered agent, CT Corporation System, at 120 South Central Avenue,

Clayton MO 63105. Metrogistics is believed to have some degree of control and/or

ownership over Amerifleet and its actions toward Plaintiff.

3.

Defendants subjected Plaintiff age discrimination and harassment in violation

of the Age Discrimination in Employment Act, by acts including but not limited to

the termination of her employment on or about October 13, 2017, and comments by

young employees after Defendant Metrogistics purchase of Defendant Amerifleet

(in 2016) that Plaintiff was part of the "over 40 club" and were to be terminated and

replaced with younger workers.

## COMMON COUNTS

4.

Plaintiff was over 55 years old on the date of her termination.

5.

Plaintiff began her employment with Defendant Amerifleet over 17 years

before she was terminated.

6.

- 2 -

In 2008, Defendant Amerifleet began misclassifying Plaintiff as an independent contractor instead of an employee.

7.

This misclassification of Plaintiff continued by Defendant Metrogistics.

8.

Defendants controlled when, where, and how Plaintiff's job was performed.

9.

Defendants provided all equipment and tools for Plaintiff's work.

10.

Defendants had Plaintiff perform her job on their premises.

11.

Defendants allowed Plaintiff to hire and fire Defendant's employees.

12.

Plaintiff was paid weekly by Defendants.

13.

Plaintiff was signing contracts on behalf of her employer while working for Defendants.

14.

Defendants paid for Plaintiff's training, and had the exclusive services of

- 3 -

Plaintiff.

15.

Plaintiff received the same bonuses Defendants paid to individuals they classified as employees.

16.

In 2016, Defendants allowed a work environment hostile to people over the age of 40.

17.

Defendants terminated Plaintiff's employment with them due to her age.

18.

Defendants replaced Plaintiff with another worker approximately half of her age to perform the same, or less, job responsibilities of Plaintiff.

19.

Defendants almost exclusively terminated workers over the two years prior to Plaintiff's termination that were over the age of 40.

20.

Any reasons given by Defendants for the termination of Plaintiff were a pretext for age discrimination against Plaintiff.

21.

At the time of her termination, Plaintiff was being paid approximately $152,000.00.

22.

Plaintiff was not issued 1099 forms for some or all of the time she was misclassified as an independent contractor.

23.

On or about December 1, 2017, Plaintiff filed an EEOC charge due to Defendant's hostile and discriminatory actions toward Plaintiff, specifically regarding her termination. A copy of the Notice of Right to Sue is attached to this Complaint, and was received by Plaintiff, through counsel, on or about September 14, 2018.

24.

Plaintiff did nothing to deserve discipline or to be fired.

**ADEA**

25.

Plaintiff incorporates paragraphs 1-24.

26.

Plaintiff has filed this case within 90 days after receiving a Right to Sue letter from the EEOC.

27.

Defendants' actions in creating and allowing a culture of age discrimination, through the selective termination of people subject to the ADEA, and culminating with the termination of Plaintiff and replacement of her with someone about half her age, is a direct violation of the ADEA.

28.

Defendants' actions were such that Plaintiff is entitled to punitive, compensatory, and/or additional damages, plus the expenses of litigation and attorney's fees pursuant to federal and state law.

## BREACH OF CONTRACT AND FRAUD

29.

Plaintiff incorporates paragraphs 1-27.

30.

Plaintiff's boss, who worked for Defendants, promised Plaintiff in 2017 that she would receive significant payment, similar to severance, for her 17 years of employment with the company.

31.

Plaintiff trusted Defendants representations on this, and acted based on those representations.

-6-

32.

Defendants breached their agreement by not providing Plaintiff the promised payment for her time with the company upon her termination.

33.

Plaintiff reasonably relied on Defendants' promises in her continued labor and service to Defendants.

34.

Defendants actions were either intentionally deceptive, in order to cause Plaintiff to continue to work for Defendants until their termination of her, or were intended to deprive Plaintiff of sums she was promised to keep them for Defendants.

35.

Plaintiff was financially and emotionally injured due to Defendants' conduct discriminating against her in her employment and relationship with Defendants.

36.

Defendants' actions were such that Plaintiff is entitled to punitive, compensatory, and/or additional damages, plus the expenses of litigation and attorney's fees pursuant to federal and state law.

37.

Defendants made no effort to remedy the age discrimination in the workplace,

- 7 -

violated their own company policies, and harmed Plaintiff by terminating her.

**WHEREFORE** Plaintiff prays and demands that this Court

1)   Allow Plaintiff a trial by jury;

2)   Grant judgment to Plaintiff against Defendants for damages, plus

appropriate legal interest thereon;

3)   Grant judgment to Plaintiff against Defendants for punitive damages and

the expenses of litigation, including reasonable attorney's fees; *and,*

4)   Award Plaintiff any other appropriate and necessary relief under the

facts and circumstances of this case, including but not limited to potentially

reinstating Plaintiff's position with back-pay.

Respectfully Submitted, this 29th day of November 2018.

/s/ Jordan Johnson
Jordan Johnson
Georgia State Bar No. 673643

2 Ravinia Drive
Suite 120
Atlanta, GA  30346
770.670.6206
ajohnson@lawjaj.com

**E-FILED**
18EV005758
11/29/2018 3:26 PM
LeNora Ponzo, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| **BELINDA KOHLES** | ) |
| | ) |
| **Plaintiff** | ) |
| | ) |
| **vs.** | ) **CIVIL ACTION NO.**_____ |
| | ) |
| **AMERIFLEET TRANSPORTATION** | ) |
| **INC. and METROGISTICS LLC** | ) |
| | ) |
| **Defendants** | ) |

### <u>PLAINTIFF'S FIRST INTERROGATORIES</u>

**COMES NOW** Plaintiff in the above captioned matter, and propounds these Interrogatories to each Defendant. Pursuant to Federal Rules of Civil Procedure 26 and 33 or the Georgia Civil Practice Act, Defendants are required to answer these Interrogatories separately and fully in writing 30 days after service of this Request on you in this action.

**<u>NOTE A:</u>** Defendant shall furnish "such information as is available to the party."

**<u>NOTE B:</u>** These Interrogatories shall be deemed continuing. Supplemental and amended responses are required.

### DEFINITIONS

As used herein, the terms listed below are defined as follows:

(1)    **"Person"** means any natural person, corporation, partnership, proprietorship, association, organization, or group of persons.

(2)    **"Document"** means all writings, drawings, graphs, charts, photographs, phono records, and other data compilations from which information can be obtained, translated, if necessary, by the respondent through detection devices into reasonably usable form, of every type and description that is in your possession or control (including but not limited to correspondence, memoranda, tapes, stenographic or handwritten notes, studies, reports, publications, computer records, invoices, purchase orders, shipping orders, bills of lading, acknowledgments, surveys, diagrams, plans, specifications, work orders, inspections, quality control records, etc.); every copy of every such writing or record where such copy contains any commentary or notation whatsoever that does not appear on the original.

(3)    **"Identify"** means:

(a)    with respect to any **"person"** who is an individual, to provide the name, present or last-known residence address, present or last-known residence telephone number, present or last-known employer or business affiliation, present or last-known business address, and present or last-known business telephone number of each person mentioned;

-2-

(b)     with respect to an institution, business, group or other organization, to provide the current or last-known complete name, address, and telephone number; and

(c)     with respect to any **"document,"** to provide (irrespective of whether the **document** is subject to any claim privilege) the title or other means of identification of each such **document**, the date of each **document**, **identify** the author, the names of all recipients of each **document** and **identify** all **persons** who have custody, control, or possession of each such **document** or copies of it.

(4)     **"Claim"** means each and every claim arising out of the Complaint which forms the subject matter of this litigation.

## **INTERROGATORIES**

1.

Please identify all allegations of age discrimination, harassment or retaliation made against you in the past five years, as well as any ADA complaints.

2.

If Defendant has ever been a party to a lawsuit arising from allegations of age or racial harassment, discrimination, or retaliation for violations of a civil rights act, or lawsuit for intentional torts, or breach of contract over the past 3

-3-

years, please identify all persons or entities involved in such lawsuit or proceeding, give the style and number of the case, the nature of the litigation or proceeding, and the court or administrative body before which the suit or proceeding was filed.

3.

Please fully describe the factual basis for each defense raised by you in your Answer to Plaintiff's Complaint.

4.

Please identify all documents you contend support each defense raised by you in your Answer to Plaintiff's Complaint.

5.

Please identify all persons who have knowledge or information relevant to the subject matter of this litigation, *or*, relevant to any claims or defenses raised in this action.

6.

With regard to each statement (oral, written, recorded, court or deposition transcript, etc.) taken from any person with knowledge relevant to this lawsuit, please state the name of each person, identify the person taking each statement, and give the date each statement was taken.

7.

Please identify all photographs, charts, diagrams, videotapes, and other illustrations of any person, place or thing involved in this lawsuit, giving the date each was made and the name and address of the person(s) with possession, custody or control of each item.

8.

Please identify all expert witnesses or professional consultants retained or consulted by you, or on your behalf, to make an evaluation or investigation of this lawsuit.

9.

Please identify each expert expected to testify at trial and state the subject matter the expert is expected to testify about, the substance of the facts and opinions to which the expert is expected to testify, *and*, provide a summary of the ground for each opinion.

10.

Please identify all persons who to your knowledge, information or belief have investigated any aspect of the subject matter of this litigation, and indicate whether or not each has made a written record of the investigation or any part thereof.

11.

Please <u>identify</u> any insurance policies that may provide coverage for the claims which form the subject matter of this litigation, by providing the name of the insurer, policy number and available limits.

12.

Please <u>identify</u> all <u>documents</u> consulted, referred to, or otherwise utilized in any way in connection with the preparation of your Responses to these Interrogatories.

13.

Please <u>identify</u> all <u>persons</u> consulted, referred to, or otherwise utilized in any way in connection with the preparation of your Responses to these Interrogatories.

14.

Please <u>identify</u> with reasonable particularity all books, documents, transcripts of criminal proceedings, and other tangible things relevant to the issues in this lawsuit or that support your contentions which have not already been identified, and give the name and address of the person(s) have possession, custody or control of each thing.

15.

Please identify all other persons not identified elsewhere in your Answers to these Interrogatories who have knowledge or information relevant to the subject matter of this litigation, *or* relevant to any claims or defenses raised in this action.

16.

Please identify any proceedings or investigations that have been conducted regarding the subject matter of this litigation, the outcome of each, and any documents or other materials related to those proceedings.

17.

Please identify any manuals, procedures, or training materials or procedures that advise or regulate employee conduct.

18.

Please identify all electronic devices and items that may have information relevant to the subject matter of this litigation, including but not limited to cell phones, cameras, cell phone cameras, electronic mail messages, and social media websites.

19.

Please identify all social media websites and e-mail addresses which you have access to, and please provide the your user name, password, and any other

- 7 -

login information for such sites. This includes video sharing sites and any other site which allows communication or distribution of information, video, or audio.

20.

Please identify all non-privileged communications between employees related to this lawsuit or Plaintiff, including but not limited to communications discussing Plaintiff's job performance or personal life.

21.

Please identify all pictures and video of Plaintiff that is in your possession.

22.

Please identify any reprimands taken against other employees, including terminations, over the past three years at the business location that Plaintiff worked at. In addition to the above, for each person, please identify their race, age, gender, name, last contact information, and reason for reprimand or termination.

23.

Please identify any and all people whose employment was terminated by you over the past 3 years and the reason for each termination. In addition to the above, for each person, please identify their race, age, gender, name, last contact information, and reason for termination.

24.

- 8 -

Please identify any and all people who worked in the Georgia location who have ever been classified as independent contractors over the past 10 years, and note their name, age, gender, last contact information, and the dates they performed work for Defendants.

Respectfully Submitted, this 29th day of November, 2018.

/s/ Jordan Johnson
Jordan Johnson
Georgia State Bar No. 673643

2 Ravinia Drive
Suite 120
Atlanta, GA 30346
770.670.6206

**E-FILED**
18EV005758
11/29/2018 3:26 PM
LeNora Ponzo, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| **BELINDA KOHLES** | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | |
| **vs.** | ) | **CIVIL ACTION NO.** |
| | ) | |
| | ) | _____ |
| **AMERIFLEET TRANSPORTATION)** | | |
| **INC. and METROGISTICS LLC** | ) | |
| | ) | |
| **Defendants** | ) | |

### PLAINTIFF'S FIRST REQUEST FOR PRODUCTION

**COMES NOW** Plaintiff in the above-captioned matter, and files this

Request for Production of Documents and Notice to Produce to Defendants.

Pursuant to Federal Rules of Civil Procedure 26 and 34 or the Georgia Civil

Practice Act, Defendants are required to comply with these Code sections by

producing and permitting Plaintiff's attorneys to inspect and copy each of the

following documents within 30 days after service of this request on you in this

action at Johnson & Bernard, LLC, 2 Ravinia Drive, Suite 120, Atlanta Georgia

30346.

### DEFINITIONS

As used herein, the terms listed below are defined as follows:

(1)   **"Person"** means any natural person, corporation, partnership, proprietorship, association, organization, or group of persons.

(2)   **"Document"** means all writings, drawings, graphs, charts, photographs, phono records, and other data compilations from which information can be obtained, translated, if necessary, by the respondent through detection devices into reasonably usable form, of every type and description that is in your possession or control (including but not limited to correspondence, memoranda, tapes, stenographic or handwritten notes, studies, reports, publications, computer records, invoices, purchase orders, shipping orders, bills of lading, acknowledgments, surveys, diagrams, plans, specifications, work orders, inspections, quality control records, etc.); every copy of every such writing or record where such copy contains any commentary or notation whatsoever that does not appear on the original.

(3)   **"Identify"** means:

(a)   with respect to any **"person"** who is an individual, to provide the name, present or last-known residence address, present or last-known residence telephone number, present or last-known employer or business affiliation, present or last-known business address, and present or last-known business telephone number of each person mentioned;

-2-

(b)     with respect to an institution, business, group or other organization, to provide the current or last-known complete name, address, and telephone number; and

(c)     with respect to any **"document,"** to provide (irrespective of whether the **document** is subject to any claim privilege) the title or other means of identification of each such **document,** the date of each **document, identify** the author, the names of all recipients of each **document** and **identify** all **persons** who have custody, control, or possession of each such **document** or copies of it.

(4)     **"Claim"** means each and every claim arising out of the Complaint which forms the subject matter of this litigation.

## **REQUESTS TO PRODUCE**

1.

The original Declaration Page or a true, accurate and complete copy of all insurance policies which may provide benefits or coverage to you in connection with the claim which forms the subject matter of this litigation.

2.

All photographs, charts, diagrams, videotapes or other illustrations of any person, place or thing related to the claim which forms the subject matter of this

litigation, including, but not limited to Plaintiff, and, any real property or personal property related to the incident which forms the subject matter of this litigation.

3.

Copies of all correspondence, letters, memoranda, or other written records or documents provided by or to any Defendant, their agents or their attorneys to:

(a) Any alleged witness.

(b) Any expert you or your attorney intends to call as a witness at trial.

(c) Any judicial, governmental or quasi government agency, body, group or organization contacted with regard to the claim which forms the subject matter of this litigation.

4.

Any diary or log of events or expenses or project log of any type that has been prepared with regard to the claim which forms the subject matter of this litigation.

5.

All written, transcribed and/or recorded statements pertaining to the claim which forms the subject matter of this litigation, specifically including but not limited to Plaintiff or any of his alleged agents and transcripts of any proceedings.

6.

-4-

Copies of all documentary evidence relied upon to demonstrate and support facts relevant to this litigation.

7.

Copies of all documents, records, and other items identified in your Responses to Plaintiff's First Interrogatories served concurrently herewith.

8.

A copy of any report in your possession in regard to Plaintiff's claims or damages.

9.

Copies of any documents related to other instances over the past 5 years when other persons alleged that they were harassed or retaliated against for bringing an age discrimination complaint.

10.

Copies of any documents related to other instances when other persons, over the past 3 years, field a grievance or lawsuit against Defendant for violations of their Civil or statutory Rights.

11.

Copies of all video (including cell phone video), electronic mail (e-mail), electronic messages on social media websites, text messages, and other

communications or recordings that were recorded or transmitted which contain information related to Plaintiff or the subject matter of this litigation. These copies should be provided in their original format, with any and all metadata included.

12.

Copies of all video, electronic mail (e-mail), electronic messages on social media websites, written messages, and other communications or recordings that were sent from any Defendant referencing Plaintiff from May 1, 2016 to present. These copies should be provided in their original format, with any and all metadata included.

13.

Copies of any documentation, video, audio, or other records identified in Plaintiff's First Interrogatories.

14.

Copies of any handbooks, policy manuals, or procedure manuals detailing your age discrimination/harassment policy, and retaliation policy.

15.

Copies of any non-privileged correspondence, sent from any source, referencing or related to Plaintiff's work performance or termination.

16.

Copies of any reports or information related to Plaintiff's employment or

termination, and any copies of any reports or information related to termination of

employees over the age of 40.

Respectfully Submitted, this 29th day of November, 2018.

/s/ Jordan Johnson
Jordan Johnson
Georgia State Bar No. 673643

2 Ravinia Drive
Suite 120
Atlanta, GA  30346
770.670.6206